IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF WOODROW W. PRINGLE, III, DECEASED | § § § § | |
| CHARLIENE ROEMER | § § | ADMINISTRATRIX |
| JOHN McADAMS, IN HIS OFFICIAL CAPACITY AS CHANCERY CLERK OF HARRISON COUNTY, MISSISSIPPI | § § § § | PLAINTIFF |
| V. | § § | Civil No. 1:11CV152-HSO-JMR |
| RACHEL MORGAN PRINGLE | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO REMAND AND REMANDING CASE TO STATE COURT**

BEFORE THE COURT are the Motion to Remand [9] filed by Plaintiff John McAdams, in his official capacity as Chancery Clerk of Harrison County, Mississippi ["McAdams"], on April 15, 2011, and the Motion to Remand, and Alternatively, Motion to Sever [12], filed by Charliene Roemer, in her capacity as Adminsitratrix of the Estate of Woodrow W. Pringle, III, Deceased ["Administratrix"], on April 25, 2011. Defendant has filed Responses [17], [20] in opposition to the Motions to Remand, and the Administratrix has filed a Rebuttal [23] in support of her Motion [12]. Having considered the record in this case as a whole, along with the relevant legal authorities, the Court is of the opinion that both Motions to Remand should be granted, and that this case should be remanded to the Chancery Court of Harrison County, Mississippi, First Judicial District.

I. BACKGROUND

On December 16, 2010, McAdams filed a Petition for Grant of Letters of Administration in the Chancery Court of Harrison County, Mississippi, First Judicial District, seeking to open an estate on behalf of Woodrow W. Pringle, III, Deceased ["Decedent"], as a creditor of the Decedent's estate [the "Estate"]. Petition [2], at p. 10. The state court entered an Order the same day, opening the Estate and granting Letters of Administration to Charliene Roemer, Order [2], at pp. 13-14, and later entered an Order on January 25, 2011, waiving the thirty-day passage of time requirement of Mississippi Code § 91-7-63, and ratifying and confirming the actions of the Administrator and Court during such period of time, Order [2-5], at pp. 39-40.

McAdams filed a Probate of Claim against the Estate on January 6, 2011, *see* Pl.'s Probate of Claim [2-1], at p. 36, stating that his claim was "in an amount not less than $400,000," *id*. McAdams filed an Amended Probate of Claim on February 23, 2011, stating that his claim against the Estate was "in an amount not less than $500,000." Am. Probate of Claim [2-9], at p. 12.

McAdams then filed a Complaint against Defendant Rachel Morgan Pringle within the estate proceeding, on or about March 7, 2011. Compl. [1-2], at p. 1. This Complaint seeks recovery based upon Defendant's alleged conversion of certain guardianship and/or conservatorship funds purportedly embezzled by her late husband, the Decedent Mr. Pringle. *Id*. at pp. 9-10. McAdams also seeks imposition of a constructive trust impounding Defendant's interest in all property wrongfully acquired, real and personal. *Id*. at pp. 10-11. Plaintiff McAdams requests an equitable lien on Defendant's interest in all real and personal property and on any

sale proceeds and life insurance benefits acquired through wrongful means, in order to prevent her alleged continued unjust enrichment. *Id.* at p. 12.

Defendant removed the entire action to this Court on April 5, 2011, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, at p. 4. Plaintiff McAdams and the Administratrix both ask this Court to remand this matter to state court, as they contend that the probate exception to federal court jurisdiction prohibits the Court from exercising jurisdiction over this matter. Pl.'s Mot. to Remand [9]; Adm'x Mot. to Remand [12]. Defendant opposes remand.

## II. DISCUSSION

A. Requests for Oral Argument

On the face of her Responses [17], [20], Defendant requests oral argument on the Motions to Remand. Local Uniform Rule 7(b)(6)(A) provides that

> [t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response.

L.U. CIV. R. 7(b)(6)(A).

The Court, in its discretion, does not find that oral argument would be necessary or helpful in resolving these Motions.

B. Motions to Remand

McAdams and the Administratrix argue that the Court lacks jurisdiction over this matter based upon the probate exception to federal subject matter jurisdiction. The Administratrix alternatively asks the Court to sever administration of the Estate from McAdams' claim, and remand the administration of the Estate. Adm'x

Mot. [12], at p. 3.

Defendant responds that the Court should consider her challenge to *in personam* jurisdiction before it considers the Motions to Remand. Resp. [17], at p. 2; Resp. [20], at p. 2. If not dismissed on that ground, Defendant argues that the Court possesses diversity jurisdiction over this case, and that the Court should transfer the case to "the proper venue in Florida," where she has apparently initiated another probate proceeding. Defendant maintains that all issues in this case not related to her could be severed and remanded. Resp. [17], at p. 3; Resp. [20], at p. 3.

C.   Personal Jurisdiction

With regard to the question of personal jurisdiction, the United States Supreme Court has recognized that, while "jurisdictional questions ordinarily must precede merits determinations in dispositional order, . . . there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998); quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). The Supreme Court has explained that "[i]f personal jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Ruhrgas*, 526 U.S. at 578 (quoting *Allen v. Ferguson,* 791 F.2d 611, 616 (7th Cir. 1986)). Such is the case here. Therefore, the Court will consider

the pending Motions to Remand without first reaching Defendant's personal jurisdiction arguments.

D.   Removal Statute

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441. 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). Defendant bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164. Here, the Court concludes that Defendant has not met her initial burden of demonstrating that diversity jurisdiction exists, and even assuming she had, the probate exception to jurisdiction applies in this case.

E.        Diversity Jurisdiction

Though not specifically addressed by the parties, the Court considers whether it has diversity jurisdiction over this case, before determining whether the probate exception moots such jurisdiction. In her Notice of Removal [1], Defendant states that she is a citizen of Florida for diversity of purposes, while McAdams is a citizen of Mississippi. Defendant maintains that there is complete diversity of citizenship between these two parties. However, Defendant ignores the Estate's, or Administratrix's, citizenship for diversity purposes, as well as that of other parties involved in this matter.

As demonstrated in the state court record [2] filed in this case, the Administratrix, on behalf of the Estate, is aligned as a party Plaintiff in the administration of the Estate, while the potential claimants are Defendants. 28 U.S.C. § 1332(c)(2) directs that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Taking Defendant's assertions in the subsequent pleadings as true that the Decedent was a citizen of Florida at the time of his death, Def.'s Mot. [4], at pp. 2-3, Def.'s Am. Mot. [6], at pp. 2-3, and because it appears that the Administratrix is properly aligned as a Plaintiff in this case, complete diversity of citizenship is lacking, as Defendant is likewise a citizen of Florida, *id.* at p. 1; Notice of Removal [1], at p. 3. Moreover, even if the Decedent were a citizen of Mississippi at the time of his death, as McAdams has alleged, the Administratrix would be a Mississippi citizen while at least one of the other named Defendants in the administration of

the estate appears to be a Mississippi citizen. Petition to Establish Heirship [2-2], at p. 33 (identifying Decedent's son Matthew Pringle as a Mississippi citizen). Defendant has not met her burden of demonstrating that complete diversity of jurisdiction exists in this case. However, even if she had, the Court finds the probate exception applicable here.

F.   Probate Exception

The Supreme Court has "recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 309 (2006). The Court "has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (discussing antecedent history of probate exception). Nevertheless, the Supreme Court has held that,

> federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees, and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court.
>
> \* \* \*
>
> Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.

*Id.* (quoting *Waterman v. Canal-Louisiana Bank & Trust Co.*, 215 U.S. 33, 43 (1909)).

In this case, Defendant has removed the entire administration of Decedent's Estate to federal court, essentially asking the Court to assume general jurisdiction

over this matter. The probate exception thus prohibits the Court from exercising subject matter jurisdiction over this case. *Id.* Remand of the entire case is therefore required.

With respect to Defendant's request to sever, even assuming that the Court could sever claims to create jurisdiction, and further assuming that diversity jurisdiction existed over those claims, the Court is not persuaded that the result would differ. McAdams' claims appear to attempt to reach some portion of the *res* in Defendant's custody, which McAdams contends should be part of the Estate. He seeks imposition of a constructive trust and an equitable lien on Defendant's interests in real and personal property, which could implicate assets of the Estate. The Court is persuaded that permitting this action against Defendant to move forward in this Court would result in federal interference in state administration of the Estate. *See Marshall*, 547 U.S. at 311-12. The issues presented here cannot be separately determined without affecting the administration of the Estate, such that the Court cannot exercise jurisdiction over McAdams' claim without interfering with property in the custody of the state probate court. In sum, because the Court lacks subject matter jurisdiction, remand is required pursuant to 28 U.S.C. § 1447(c).[1]

G.  Costs and Expenses

In their Motions to Remand, both McAdams and the Administratrix ask the Court to award costs and expenses, including attorneys' fees, for Defendant's

---

[1] The Court expresses no opinion on the propriety of a severance of McAdams' claim. Its inquiry herein is simply whether or not there is subject matter jurisdiction. The question of severance is properly reserved for the chancellor in the first instance.

purportedly improper removal. Pl.'s Mot. to Remand [9], at pp. 3-4; Adm'x Mot. to Remand [12], at pp. 3-4. When a district court remands a case, it has discretion to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).

Courts may only award attorneys' fees under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When determining whether attorneys' fees should be awarded, the district court must not consider the motive of the removing defendant, but must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000). However, the Fifth Circuit has explained that ordinary court costs, such as those available under Federal Rule of Civil Procedure 54(d)(1), have no such restriction on a court's discretion. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004). An award of costs under this section is limited to those costs which would not have been incurred had the case remained in state court. *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

In this case, the Court finds that Defendant did not lack an objectively reasonable basis for removing the case, and that the movants are not entitled to costs and expenses, including attorneys' fees. Therefore, this request will be denied

### III.  CONCLUSION

After reviewing the relevant pleadings and evidence on file, as well as the

applicable law, and for the reasons more fully stated herein, the Court finds that remand to state court is required.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [9] filed by Plaintiff John McAdams, in his official capacity as Chancery Clerk of Harrison County, Mississippi, on April 15, 2011, and the Motion to Remand, and Alternatively, Motion to Sever [12], filed by estate administratrix Charliene Roemer, on April 25, 2011, both should be and hereby are **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Chancery Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the requests of Plaintiff John McAdams and the Administratrix of the Estate, Charliene Roemer, for costs and expenses should be and hereby are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of June, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE